## DAVIS vs. THE STATE.

17   415
98   79

1. If goods, the separate property of the wife, be stolen from the possession of the husband, it is sufficient to describe them in the indictment as the goods of the husband.

2. The magistrate before whom one charged with a criminal offence is brought for examination, being required by the statute to reduce the testimony to writing, the legal presumption is that he has done his duty, and parol proof of what a deceased witness swore on such examination is inadmissible, until this presumption is rebutted, or the absence of the written evidence otherwise accounted for.

3. Where evidence is *prima facie* inadmissible, it is not necessary that the party objecting to it should specify the ground on which his objection is founded; a general objection is sufficient.

4. Where a bill of exceptions states enough to put the court clearly in error, the court, if consistent with the facts, should insert what is necessary to set itself right, and if it fails to do so, no presumption can be indulged in support of its judgment.

Error to the Circuit Court of Autauga. Tried before the Hon. John D. Phelan.

JUDGE and GAYLE, for the plaintiff:

1. The charge of the court below as to the ownership of the property alleged to have been stolen, was erroneous. The facts show that the buggy did not belong to Hinton. The *written evidence* of the settlement should have been produced.

2. The *written evidence* of Connolly should have been produced, or its absence satisfactorily accounted for. The statute directs the committing magistrate to reduce such testimony into writing and to certify the same to the proper court.—Digest, 449-50, §§ 25, 27, 33. The law presumes the magistrate did his duty in this respect, the contrary not appearing. If he did not reduce it to writing still it was inadmissible, because the statute requires it to be in writing, and if it is not it is extra-judicial.—Roscoe's Crim. Ev. 71-73; 2 Russell, 660; Rex v. Smith, 2 Starkie, 208, and note at the end of the case. See, also, Thorp v. The State, 13 Ala. 749.

3. The witness, Saunders, could not recollect the questions propounded by plaintiff's counsel on the cross-examination, nor the answers thereto. This was sufficient of itself to have ex-

cluded the whole of the evidence.—Gildersleeve v. Caraway, 10 Ala. 260.

ATTORNEY GENERAL, for the State.

PARSONS, J.—The plaintiff in error was convicted of stealing a buggy, which was stated in the indictment to be the goods and chattels of one William Hinton. Mr. Hinton on the trial testified that the buggy was taken from the possession of himself and his wife. He stated that previously it had been sold as his property at public sale and purchased by Mr. Cottrell—that his wife's mother refunded to Mr. Cottrell the purchase money, and the buggy by written conveyance was settled upon the wife of the witness. The conveyance was not produced, but the court charged the jury that notwithstanding its absence the evidence relating to the ownership of the property was sufficient, and the prisoner excepted.

If goods be stolen from the possession of one having a special property in them, they may be laid as his property. Where a box was stolen from a stage coach on its journey, it was laid as the property of the coachman, though he was a mere servant of the stage coach proprietors. The court held that the coachman had something more than a bare charge of the box, except as against the proprietors, and that he had the legal possession as to all others and must be considered to have such special property therein as would support a count charging it as his goods.—2 Russ. on Crimes, 159. If the property were settled on Mrs. Hinton by the absent conveyance, yet he was in possession and may be presumed to be her trustee. He had a special property at least equal to that of the coachman. The conveyance was evidence only of his wife's general right to the property, the legal effect of which and of his actual possession was to make him her trustee. Then it is similar to the case of one holding some special property in a chattel under another who has the general property under a written conveyance. If in such case the indictment should state the property to be in the former, there would be no necessity of proving the written evidence of title in the latter. When an executor or administrator holds property in his possession as such, the indictment may state it to be the property of the person who is the executor or

Davis v. The State.

administrator, without noticing his representative character, and they need not prove specially their title as executor or administrator.—1 Hale's Pleas of the Crown, 514. There was no error, we think, in the charge excepted to.

2. The solicitor proved on the trial by the magistrate before whom the prisoner was brought upon this charge, what a witness had testified on the examination, it appearing that the witness died before the trial in chief. The statute expressly requires that the testimony of the witnesses on such examinations shall be reduced to writing by the magistrate, or under his direction, and shall be signed by the witnesses if required by the magistrate; and the examination is to be certified by the magistrate to the court at which the accused is required to appear. As it is to be intended that the magistrate took the testimony in writing according to his duty, parol evidence of what the witness testified is inadmissible, until it is shown that it was not reduced to writing.—2 Russ. on Crimes, 663.

3. The prisoner made a general objection to this parol evidence, but it was admitted and he excepted. It does not appear in this case, that any ground was laid for the admission of the parol evidence. There was no evidence, so far as the record shows, that it was not reduced to writing or that the written evidence was lost or destroyed, without which it was clearly inadmissible in its nature. Where evidence offered is on its face or in its nature inadmissible until a ground is laid, a general objection is sufficient, as if parol evidence of the contents of a deed be offered without laying a ground, it cannot be necessary for the party objecting to inform the court why such evidence is inadmissible. In chancery practice there are instances in which a general exception is good. A special exception in such a case as this would be entirely useless and should not be required.

4. In reference to bills of exception, this court has presumed in various cases that other evidence was given besides what was stated in the bill of exceptions; but it has never done so in a case like this, or in any other case in which a presumption was not entirely consistent with what was stated. When this presumption is indulged it is because this court will make every reasonable intendment to sustain a judgment, and it follows that a party excepting must state enough to exclude every reasonable inference in favor of the decision to which he excepts.

But when he states enough to put the court clearly in error, then the court should state what is necessary to set itself right, if the case will admit of it. It is presumed that the testimony was written. *Prima facie* this is the same as if the fact had been proved, as an objection to the evidence offered. In that case the error of admitting the evidence would be acknowledged by all, and yet it would in effect be the identical error that exists. Had it been proved, as it is actually presumed, that the testimony was written and this had been stated in the bill of exceptions, then we might have been urged to presume its destruction, and if that could be negatived, then its loss. To avoid the necessity of going such lengths to sustain the decision below, we had better not take the start. If, for the purpose of sustaining the decision, we presume that the magistrate neglected his duty, we sustain the court below at his expense. This is going too far. Let the judgment be reversed and the cause remanded.