# South *v.* The State.

### Indictment for Manslaughter.

1. *Statutes of 1886-7, not embodied in Code of 1886.*—By express pro-vision in the act adopting the Code of 1886 it was declared, that its adoption should have no effect on the statutes enacted during that term of the General Assembly (Sess. Acts 1886-7, p. 47); and though the commissioners were instructed to incorporate into the Code of 1886 all laws of that session amendatory of the Code of 1876, the instruction was limited to acts strictly amendatory, not extending to acts amendatory of subsequent statutes; and being directory merely, the failure of the commissioners to insert a statute as required does not affect its validity or binding force.

2. *Peremptory challenges in criminal cases; statute changing number before trial.*—The number of peremptory challenges allowed in a crim-inal case is matter of statutory regulation, pertaining only to the rem-edy; and the number allowed in a case of felony having been reduced from fifteen to eight (Sess. Acts 1886-7, p. 151), the new statute applies to prosecutions for offenses committed prior to its passage.

3. *Co-defendants as witnesses against each other.*—Two defendants having been jointly indicted and tried for a felony, one convicted and sentenced, while a mistrial was entered as to the other; the convicted defendant is a competent witness against the other, on his subsequent second trial.

4. *Objection to evidence partly admissible.*—An objection to testimony as a whole, when a part of it is legal and admissible, may be overruled entirely.

5. *Former testimony of absent witness.*—The testimony of a witness on the former trial of a case, is admissible as evidence on a second or subsequent trial, on proof that he is permanently absent from the State.

FROM the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

McGUIRE & COLLIER, for appellant, cited Code of 1886, § 10; Sess. Acts 1886-7, p. 47; *Miles v. State,* 40 Ala. 45; *Lyman v. State,* 45 Ala. 78; 44 Ala. 387; *Hart v. State,* 40 Ala. 32; 6 Amer. & E. Ency. Law, 643; *Ledyard v. Holt,* 85 Ala. 596; *Henderson v. State,* 70 Ala. 23; 1 Greenl. Ev., § 363; *Harris v. State,* 73 Ala. 495.

W. L. MARTIN, Attorney-General, *contra,* cited *Lore v. State,* 4 Ala. 173; Cooley's Const. Lim. 329, top; 1 Bish. Crim. Proc., § 940; *Watson v. Com.,* 16 B. Monroe, 15; *Perry v. Com.,* 3 Gratt. 632; *People v. Mortimer,* 46 Cal. 114; *People v. Campbell,* 59 Cal. 243; *Stokes v. People,*

53 N. Y. 164, or 13 Amer. Rep. 492; *State v. Ryan*, 13 Minn. 370; *Marler v. State*, 67 Ala. 55; *Lowe v. State*, at present term, p. 47.

McCLELLAN, J.—1. The appellant was indicted in March, 1885, for the offense of manslaughter. He was tried and convicted at the Spring term, 1889, of the Circuit Court of Fayette, and sentenced to seven years in the penitentiary. Under the law in force at the time the crime was committed, defendants on trial for felonies, not capital, were entitled to fifteen peremptory challenges.—Code of 1876, § 4879. By the law in force at the time of this trial, the number had been reduced to eight.—Acts 1886-87, p. 151. The court below allowed the appellant the number prescribed in the act last referred to, and declined to allow him any peremptory challenges in excess of that number. It was contended in the Circuit Court, and the contention is renewed here, that the act of 1887 was amended, or repealed *pro tanto*, by the Code of 1886, and that challenges were to be allowed according to section 4330 of that Code. We do not think this position is correct. The act adopting the Code of 1886 expressly provides against such result. Section 2 of that act is in the following language: "No act passed at the present session [that of 1886-7] of the General Assembly shall be repealed or affected in any manner by the adoption of this Code."—Acts 1886-7, p. 47. It is true, that the commissioners were required to incorporate all acts of that session, "amending sections of the Code of 1876," into the Code of 1886; but their failure to so incorporate that part of the jury law of 1887, which prescribes the number of peremptory challenges to which defendants in criminal cases are entitled, can have no effect on that provision, for several obvious reasons. The first and most important of these is, that the requirement referred to was merely directory. It is not to be assumed that the legislature intended to make this incorporation essential to the validity of the class of statutes mentioned, and, while expressly declaring that no act passed at that session should be at all affected by the Code, to put it in the power of the commissioners to absolutely repeal any act amending a section of the former Code, by simply omitting it from the new Code. Another reason for denying the result insisted on is, that the jury statute of 1887 does not come within the terms of the direction that certain acts of that session should be transcribed into the Code. It neither

purports to amend, nor in fact amends, any section of the Code of 1876, having reference to peremptory challenges, but is an original, independent enactment, having the effect of amending the act of February 17, 1885.

2. It is further insisted, if the position considered above be not well taken, that the defendant was entitled to fifteen peremptory challenges, because this was the number allowed when the offense was committed, and the act of 1887 reducing the number is, as applied to this case, *ex post facto*, and void. Without enlarging argumentatively on this point, it will suffice to say, that the great weight of authority is against this position. Manifestly, laws of this class affect the remedy—the procedure by which actions are maintained, and defended and determined. They in no degree affect the right itself. As to crimes, their effect is, in no sense, to make an action criminal, which was innocent when done; nor to add to the criminality of an offense after its commission; nor to increase the punishment, or to authorize a conviction on less or different testimony, than that required when the crime was committed. Relating, as they do, to procedure, laws of this character may be modified at any time by the legislature, and, as modified, will apply in all subsequent proceedings, with respect to offenses committed before, as well as those committed after their adoption. "There is no such thing," says Mr. Bishop, "as a vested right in any remedy."—Bishop's Cr. Proc. § 178. "So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place."—Cooley's Const. Lim., p. 329. "The legislature has power at all times to increase or diminish the number of peremptory charges to be allowed the State, or the defendant, in a criminal cause." Thomp. & Mer. on Juries, § 165. And the doctrine of these texts has been repeatedly sustained by courts of last resort, including this court.—*Lore v. State,* 4 Ala. 173; *Perry v. Commonwealth,* 3 Grat. (Va.) 632; *Walson v. Com.,* 16 B. Monroe (Ky.) 15; *People v. Mortimer,* 46 Cal. 114; *People v. Campbell,* 59 Cal. 243; *State v. Ryan,* 13 Minn. 370; *Stokes v. People,* 53 N. Y. 164.

The trial court correctly disallowed all peremptory challenges in excess of the number prescribed by the act of 1887.

The appellant and one Finch were jointly indicted. On a former trial, Finch had been convicted and sentenced to a

term in the penitentiary, which he is still serving, and there was a mistrial as to South. On this trial, Finch, against defendant's objection, was introduced and examined as a witness for the State. The conviction and sentence of Finch operated a complete severance of his case from that of South. It is not easily conceived how the witness, under such circumstances, could have any interest in the result of the trial. The reason for the exclusion of co-defendants as witnesses can have no application to a case like this. Here there is nothing to be gained by perjury. Neither the conviction nor the acquittal of South could relieve Finch of the sentence which had been pronounced against him, nor, of itself, even serve to present in a more favorable light an application for executive clemency. There was no error in receiving his testimony.—*Henderson v. State*, 70 Ala. 24.

The objection to the admission of the testimony of Daniel Kirkland was general, going to the whole of his evidence, a great part of which was clearly competent. Granting that some of this evidence was illegal (which, however, we do not decide), the objection was too general and indefinite, and on this ground was properly overruled.—3 Brick. Dig. p. 443, §§ 567 *et seq.*

This evidence sufficiently showed that the witness, Kit Kirkland, was permanently absent from the State, and furnished a predicate for evidence of his testimony as given on a former trial of the case.—*Lowe v. State*, 86 Ala. 47; s. c. 5 So. Rep. 435.

The judgment of the Circuit Court is affirmed.