# Pruitt *v.* The State.

## *Indictment for Burglary.*

1. *Absent witness; testimony on former trial.*—The testimony of a witness who was examined on a former trial, or on the preliminary investigation before a committing magistrate, an opportunity to cross-examine being afforded to the accused, is admissible as evidence on the subsequent trial, on proof that the witness is absent from the State, either permanently, or for such an indefinite time that his re- turn is merely contingent or conjectural; and such evidence having been admitted, the defendant can not prove contradictory statements made by the witness at other times.

2. *Argument of counsel to jury.*—The defendant having testified in his own behalf on the trial, the statement of the solicitor, in his argu- ment to the jury, "that the evidence of the defendant is the meanest and poorest evidence in the world," is not the statement of an un- proven fact, nor beyond the pale of legitimate argument.

FROM the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

The appellant, William Pruitt, was indicted, tried and con- victed of burglary, for breaking into the dwelling-house of one J. C. Giddens, and taking therefrom a pistol and other articles of value. The said J. C. Giddens, being examined as a wit- ness for the State, testified that on one Sunday morning, be- fore the finding of the indictment in this case, while he and his family were away from home, his house was entered by break- ing the slats in one of the blinds, and in that way gaining an entrance; that his pistol and other articles were taken from one of the rooms of the house; that about six weeks there-

[Pruitt v. The State.]

after, one Clem Bates brought him his pistol, and told him he got it from one Will Dan Abernathy; that after he got his pistol, he had this defendant and one Oscar Eggleston arrested; that on both the preliminary trial of them before a magistrate, and on *habeas corpus* proceedings, the said Clem Bates "was sworn as a witness, and was examined as such, and also cross-examined, or could have been cross-examined, and that said Clem Bates left Leighton about two months ago, and went to the State of Arkansas, as I was informed. Clem Bates is still absent from the State." The bill of exceptions proceeds: "The witness was then asked by the solicitor to state what said Clem Bates testified to on said trials." The defendant objected to this question, and duly excepted to the court overruling his objection, and allowing the question to be asked. The witness then answered, that said Bates testified that the defendant gave the pistol to Oscar Eggleston, and that Oscar Eggleston traded it to Will Dan Abernathy for another pistol and money "to boot." The defendant then moved the court to exclude this answer from the jury, on the ground that it "was hearsay, illegal, and because the defendant was entitled to be confronted by the witness against him." The court overruled the motion, and the defendant excepted. The other evidence for the State was the testimony of one Percy Alexander, who testified that, on the morning the burglary of Giddens' house was committed, he and the defendant left his store together, and walked together until just after they passed said Giddens' house, when the defendant stopped, and said he was going over to one Mullin's house, and they separated, and he did not see the defendant again that day.

The testimony for the defendant tended to show that he had nothing to do with the trade of the pistol between Oscar Eggleston and Will Dan Abernathy; that he had never seen the pistol that Eggleston had, before the day he saw him trade it to Abernathy; that on the Sunday morning Giddens' house was burglarized, he was at some other person's house, and staid there until late in the afternoon. The defendant himself, testifying as a witness, denied all connection with the burglary, or the trading of the pistol. The defendant also offered to prove that said Clem Bates had made different and contradictory statements from those said Giddens stated he testified to. The court refused to allow this evidence to go to the jury; and the defendant duly excepted.

The portion of the solicitor's argument objected to by defendant, is sufficiently shown in the opinion. In addition to asking the general affirmative charge in his behalf, the defendant requested the court to give the following charge in writing,

[Pruitt v. The State.]

and duly excepted to its refusal: "I charge you that the statement of the solicitor in his argument, that 'thé evidence of the defendant is the meanest and poorest evidence in the world,' is not the law."

KIRK & ALMON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—Whatever rule may prevail in other states or countries, it is settled law in this State, that where a witness has been examined in a criminal trial, and cross-examined, or the opportunity afforded for cross-examination by the party charged, and the witness dies, or becomes insane, or has gone beyond the jurisdiction of the State, permanently, or for such an indefinite time that his return is merely contingent or conjectural, the testimony of such witness may be proven on a subsequent trial.—Greenl. Ev. (12th Ed.) § 163, and note; *Long v. Davis*, 18 Ala. 801; *Marler v. State*, 67 Ala. 55; *Lowe v. State*, 86 Ala. 52 ; *South v. State, Ib.* 617.

The predicate in this case for the introduction of such testimony sufficiently complied with the requirements of the law.    The witness called to prove the testimony of the absent witness, stated that "Clem Bates [the absent witness] left about two months ago, and went to the State of Arkansas, as I was informed.    Said Bates is *still absent from the State.*"    It was shown that the witness was legally sworn and examined, on a preliminary trial for commitment, and also on *habeas corpus* proceedings.    *Prima facie*, the evidence was admissible.    It was not competent to show that the absent witness had made statements different or contradictory to those proven to have been testified to by him on the former trials, and there was no predicate for such impeaching testimony.    In all such cases, it is necessary to first interrogate the witness himself as to such contradictory statements, giving time and place, with reasonable certainty.

In the course of his argument before the jury, referring to the evidence of the defendant, the solicitor stated "that the evidence of the defendant is the meanest and poorest evidence in the world."    Exceptions were taken to these statements by the defendant, and a charge requested by the defendant to be given to the jury, based upon this statement was refused.    By numerous decisions of this court it has been held, that for an unwarranted trespass upon the domain of unproven facts, the case will be reversed.    To authorize a reversal, however, there must be a statement, "as of fact."    Com-

ments and criticism by counsel upon the character of the evidence adduced, or the weight to be given to testimony, as affected by the interest of the witness in the result of the trial, is not an invasion of the rule. A witness should be protected from undue personal abuse in argument, but to assert in argument that the testimony of a defendant, examined in his ·own behalf, "was the meanest and poorest kind," is not the statement of any fact as evidence, but the assertion of an inference as to its weight and credibility, deduced from the interest the witness had in the matter and result of the trial. *L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *Clarke v. State*, ·68 Ala. 474.

There was evidence tending to show the guilt of the defend·ant. The general charge, under such circumstances, should not be given.

Affirmed.