# Matthews *v.* The State.

### Indictment For Larceny.

1. *Absent witness; testimony on preliminary investigation.*—When a witness is beyond the jurisdiction of the court at the time of the trial, having removed from the State, permanently or for an indefinite time, secondary evidence is admissible to prove what he had previously deposed to on the preliminary investigation of the same case before a committing magistrate.

2. *Same; best evidence.*—In a criminal trial, where the testimony of a witness, who was examined on a preliminary investigation of the charge against the defendant, was reduced to writing by the magistrate, or under his direction, and signed by the witness, pursuant to the statute (Code, § 4286), and the witness is absent from the. State at the time of the trial, such written statement is the best evidence of what he swore on the preliminary investigation, and, as to so much, at least, of his testimony as the written statement purports to cover, the version there given of it cannot be varied or contradicted by the magistrate's statements from his recollection of the witness' testimony.

3. *Notary public with powers of justice of the peace; powers of, in Jefferson county.*—A notary public with the powers of justice of the peace, appointed for precinct 21 of Jefferson county, has jurisdiction of an offense charged to have been committed in another precinct in said county, for the purpose of a preliminary investigation thereof; the special act approved February 19, 1889 (Sess. Acts 1888-89, p. 449), conferring upon such notaries public in said precinct 21 "the same jurisdiction in criminal cases as is now exercised by justices of the peace," and the general statutes (Code, §§ 4256, 4282, 4680), making justices of the peace magistrates before whom preliminary examinations in criminal cases may be held, with a jurisdiction in this regard co-extensive with their respective counties.

APPEAL from the Criminal Court of Jefferson.

Tried before the HON. S. E. GREENE.

The appellant, Kid Matthews, was tried for grand larceny, and convicted. On the trial in January, 1892, as shown by the bill of exceptions, the State having introduced proof that one J. F. Miley was then living at West Point, Missis-

[Matthews v. The State.]

sippi, and had been living there since November, 1891, the questions in reference to the admission in evidence of his testimony on the preliminary examination of the defendant were raised in the manner stated in the opinion.

WM. L. MARTIN, Attorney-General, for the State, cited *Pruitt v. State*, 92 Ala. 41 ; *Perry v. State*, 87 Ala. 30 ; *Ex-parte Hill*, 38 Ala. 429 ; *Boynton v. State*, 77 Ala. 29 ; *Atkinson v. Wiggins*, 60 Ala. 190 ; Const. of Ala., Art. 6, § 26 ; Code, § 1114.

WALKER, J.—The principal questions in this case arose in the admission of proof of the testimony one Miley, who was examined as a witness on the preliminary examination of the defendant, but was residing out of the State at the time of the trial.

When a witness is beyond the jurisdiction of the court at the time of the trial, having removed from the State permanently or for an indefinite time, secondary evidence is admissible to prove what he had previously deposed to, on the preliminary investigation of the same case before a committing magistrate.—*Pruitt v. The State*, 92 Ala. 41 ; *Perry v. State*, 87 Ala. 630 ; *Lowe v. State*, 86 Ala. 47 ; *South v. State*, 86 Ala. 617.

The notary public and *ex officio* justice of the peace who conducted the preliminary examination identified a writing which was produced as the testimony of the witness Miley, as taken down when he was examined, being the substance of his testimony; the written statement having been sworn to and subscribed by the witness. Objection was made to the introduction of the written statement, on the ground that, the offense charged having been committed in precinct 34 of Jefferson county, a notary public and *ex officio* justice of the peace who had been appointed for precinct 21 of that county was without jurisdiction of the case, and, therefore, testimony taken on a preliminary examination before him was not competent as evidence in the case. This objection was not well taken. The jurisdiction of a notary public who is *ex officio* a justice of the peace in precinct 21 of Jefferson county is defined and regulated by a special act approved February 19, 1889. Acts of Ala. 1888-89, p. 449. That act confers upon such notary public "the same jurisdiction in criminal cases as is now exercised by justices of the peace." Justices of the peace "in their respective counties" are magistrates before whom preliminary examinations in criminal cases may be held. Code, § § 4256 and 4680. And

their jurisdiction in this regard is co-extensive with their counties.—*Boynton v. State*, 77 Ala. 29 ; Code, § § 4279 and 4282.

After the testimony of the witness Miley, as reduced to writing by the magistrate and signed by the witness, had been read to the jury, the magistrate being present and hearing it read, asked to be allowed to correct his testimony ; thereupon, he was introduced as a witness by the State, and gave a version of the testimony of the witness Miley on the preliminary investigation which was materially different from the testimony of that witness as reduced to writing and signed by himself. Notwithstanding this correction, the magistrate still stated that the testimony of Miley had been taken down in substance. The defendant objected to this correction, and this objection having been overruled, he moved the court to exclude the testimony of Miley as it then stood in its corrected form. This motion was also overruled. Exceptions were duly reserved to this action of the court.

The statute requires that the evidence of the witnesses examined on a preliminary investigation must be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively. Code, § 4286. And such examinations must be returned by the magistrate to the court at which the defendant or the witnesses are bound to appear. Code, § 4298. It has been held that secondary evidence of the contents of such written statement of the testimony of a witness who has died should not be received, when it was made to appear that only so much of the testimony as the magistrate *deemed material* had been reduced to writing, and there was no offer to prove the substance of all the testimony of the witness.—*Tharp v. State*, 15 Ala. 749. In *Davis v. State*, 17 Ala. 354, it was decided that the proof of what a deceased witness testified to on a preliminary examination on the same charge before a justice of the peace, is admissible against the defendant, although the examination was not reduced to writing. It was there recognized that, though the testimony as reduced to writing by the committing magistrate is legitimate proof after the death of the witness, yet, as such writing is not by force of the statute made evidence, the testimony of such witness may be proved otherwise, if the committing magistrate shall fail or neglect to do his duty in reducing the evidence taken before him to writing. In the course of the opinion it was said, in reference to the statute, "It was only intended to preserve the evidence, but not to alter the law in regard to its admissi-

[Matthews v. The State.]

bility. True, if the magistrate had not omitted to do his duty and had taken down in writing the testimony of the deceased witness, this examination would have been the best evidence of what the witness swore, but as he failed to do it, this omission does not destroy the evidence of the deceased witness as competent proof, if it can be recollected and accurately stated upon another trial." The statement there to the effect that, when the magistrate takes down the testimony as directed by the statute, the writing itself should be produced as the best evidence of the testimony, was not necessary to the decision, as there was no such writing in that case. But we think that the proposition stated is correct. The statute provides a mode of preserving the testimony of the witnesses who are examined on a preliminary investigation. The signature of the witness may be regarded as an adoption and authentication by him of the writing as a correct statement of his testimony. We are not to be understood as asserting that the witness is conclusively bound by his signature, so that he cannot show that mistakes were made in reducing his testimony to writing. But we are satisfied that, in the absence of the witness, the written statement of his testimony as signed by himself is to be regarded as the best evidence of what he swore. In the absence of any showing to the contrary, it is to be presumed that the magistrate performed the duty imposed upon him by the statute, and that the substance of all the testimony was reduced to writing by him, or under his direction. As to as much, at least, of the testimony as the written statement purports to cover, the version there given can not be changed or contradicted by the statements from recollection of the magistrate or of other persons who may have heard the witness testify. His deposition as preserved in the mode prescribed by the statute is the best evidence of his testimony. The Texas court regards the written testimony of an absent witness, as taken under a statute of that State similar to the Alabama statute under consideration, as the better evidence of what he testified.—*Sullivan v. State*, 6 Tex. App. 319; 32 Am. Rep. 580, 585. That evidence was available and was produced in the present case. Our conclusion is that the version of the testimony as found in the written statement could not be varied or contradicted by the statements of the magistrate from his recollection of the testimony of the witness. The objections of the defendant to the admission of the corrections by the magistrate, and of the testimony of the absent witness as it stood in its corrected form, should

[Smith v. The State.]

have been sustained. For the error in overruling these objections the judgment must be reversed.

Reversed and remanded.