# Davis v. The State.

## Murder.

(Decided June 9, 1910. 52 South. 939.)

1. *Jury; Special Venire; Names Illegally in the Box; Quashing.*— Where the court ordered fifty names to be drawn from the box as special jurors for the trial of a capital case against the defendant, and in drawing the fifty names, the names of certain jurors which had been drawn in a previous case were drawn, and these names were either intentionally put back in the jury box or were put in an envelope and shaken out with the other names when the box was shaken, such names were illegally or wrongfully in the box, and such names if made to constitute a part of said fifty names so drawn rendered the venire illegal and did not give the defendant a special venire of fifty names rightfully and legally in the jury box, and hence, the venire should have been quashed.

2. *Same; Time of Making.*—The fact that accused failed to object to jurors at the time they were drawn though his attention was then called to the fact, makes no difference on a motion to quash a venire made before the trial was entered upon, for if made before trial was entered upon, the motion is in due time.

3. *Same; Excusing Jurors; Power of Court.*—The court has the power to excuse jurors summoned for the week of the court although capital cases are set for that week and the accused was not in court at the time and did not consent thereto, and hence, a venire will not be quashed on the ground that two of the jurors summoned for the week were excused by the court without consent of the defendant.

4. *Same; Empanneling; Mistake of Name.*—Under section 7269, Code 1907, the court may discard a juror because of a mistake in his name as drawn, and where the bill of exception does not set out all that is done by the trial court at the time of the discarding the name of a juror because of mistake, it will be presumed on appeal that the court complied with the statute in supplying the juror's place.

5. *Appeal and Error; Review; Evidence.*—Where the bill of exception does not purport to set out all the evidence, this court cannot

[Davis v. The State.]

on appeal say that the trial court erred in allowing a witness to testify to a confession made by accused at the preliminary trial on the ground that it is not shown to be voluntary.

6. *Evidence; Secondary Evidence; When Admissible.*—Where an accused testified for himself on a preliminary trial, where he is alleged to have made a confession, it will be presumed that his testimony was reduced to writing as required by Section 7600, Code 1907, and in the absence of a predicate showing that the testimony was not reduced to writing or that the writing had been lost and cannot be found, parol evidence of the confession is inadmissible.

7. *Same; Confession.*—A witness testifying to a confession voluntarily made by a defendant may state the entire confession forming a part of the res gestae.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

John Davis was convicted of murder in the first degree, and he appeals. Reversed and remanded.

It appears from the transcript that in drawing the venire for the case of *State v. Walter Harrison* the following were drawn as jurors and placed upon said venire: W. R. De Bardalaben, O. H. Williams, J. R. Roy, L. T. Norris, S. M. Peevey, J. H. Jones, and T. R. Collier. It further appears that H. P. Wideman was drawn as a grand juror for the term of the court at which this venire was drawn, and that he served upon the grand jury, and that S. P. Storrs and G. E. Enslen were drawn and served as regular jurors for the week of this trial. Either these names were replaced in the jury box by the judge, or they escaped from the envelope in which they were placed, and became mingled with the other names in the jury box, and were drawn upon the special venire to try this defendant. The motion to quash contains these three reasons for the quashing of the venire served upon the defendant in this case.

J. A. HOLMES, and B. K. McMORRIS, for appellant. The court erred in refusing to quash the venire because of the illegal names drawn thereon.—*Wilkins v. The State,* 112 Ala. 55; *Jemison v. The State,* 133 Ala. 18;

[Davis v. The State.]

*Cauley v. The State,* 133 Ala. 128. The court has no authority to excuse a juror except for reason authorized by law.—*Parsons v. The State,* 22 Ala. 50; *Phillips v. The State,* 68 Ala. 469. The court has no authority to excuse a juror because of a mistake in his name.—*Sullivan v. The State,* 102 Ala. 135; Sec. 6267, Code 1907. All testimony at a preliminary hearing must be reduced to writing.—Sec. 7600, Code 1907. The presumption is that the officer does his duty, and the writing is the best evidence of the confession made.—*Knuckles v. The State,* 136 Ala. 108; *Kirkland v. The State,* 141 Ala. 45; 5 Enc. of Evi. 329-30.

ALEXANDER M. GARBER, Attorney General, for the State. Motion to quash came too late and besides, the court did not err in refusing to quash the venire on the grounds of illegal name.—*Gibson v. The State,* 89 Ala. 26; *Arp v. The State,* 97 Ala. 5; *Wilkins v. The State,* 112 Ala. 55. The court did not err in excusing the two jurors drawn on the regular venire.—*Jackson v. The State,* 77 Ala. 18; *Ferris v. The State,* 85 Ala. 1. Counsel discuss other assignments of error, but without citation of authority.

EVANS, J.—The motion by defendant to quash the venire should have been sustained. When the names had been drawn out of the jury box for the trial of another capital case, they could not be restored to the jury box by the presiding judge, or any one else, and then drawn for the trial of defendant without thereby making an illegal venire. It is the purpose of the law that the jury box shall be filled only by the jury commissioners at the time and in the manner prescribed by law, and whenever a name is drawn therefrom for forming any jury, regular or special, that name can never be re-

stored to the box except by the jury commissioners when they refill the box. No one else has authority to do so. "It is from the names, properly, rightfully, legally in the jury box, the statute contemplates, so long as the box is not exhausted, the jurors forming the special venire shall be drawn." It is immaterial whether the names were intentionally put back in the jury box and mingled with those already in there, or whether, as the admitted facts show, they were put in an envelope and were shaken out with the other names, when the box was shaken. In either case they were improperly in the box and formed no part of the names therein from which a legal jury could be drawn. The court made an order for 50 names to be drawn from said jury box as special jurors for the trial of the case against the defendant, and, if several of the names thus wrongfully and illegally in the box were drawn and made to constitute a part of said 50 names so drawn, then defendant did not have a special venire drawn "from the names properly, rightfully, and legally in the jury box, and the venire was not such as the law provided he should have."— *Wilkins v. State*, 112 Ala. 55, 21 South. 56; *Cawley v. State*, 133 Ala. 128, 32 South. 227; *Jimmerson v. State*, 133 Ala. 18, 32 South. 141. The motion, having been made before the trial was entered upon, was in due time, and the fact that defendant failed to object to said jurors at the time they were drawn, and his attention was called to the fact, can make no difference. He could make the motion at any time before the trial was entered upon.—Mayfield's Dig. vol. 1, p. 533, §§ 317, 318, and cases there cited.

The court excused two of the jurors who were summoned for the week of the court that this case was set for trial, upon the ground that to serve would work a great injustice to them by closing up their business. The

defendant was not present in court when this was done, nor did he consent thereto. This was made one of the grounds for motion to quash the venire. Chief Justice Stone, in the case of *Fariss v. State,* 85 Ala. 4, 4 South. 680, says, in speaking of the rule laid down in *Parsons v. State,* 22 Ala. 50, and of the criticisms of such a practice by the court as the matter now being discussed in the cases of *Phillips v. State,* 68 Ala. 469, and *Shelton v. State,* 73 Ala. 5: "This question, however, has been twice decided the other way, and we will treat it as settled.—*Floyd v. State,* 55 Ala. 61; *Jackson v. State,* 77 Ala. 18. We do this not reluctantly, because the rule asserted in *Parson's Case* is exceedingly inconvenient in practice, and it is believed that it accomplishes no good result. It must be presumed that judges, in excusing jurors, act on correct principles, and discharge them only for good and sufficient reasons." Upon this authority we hold that this ground of the motion to quash was not well taken.

The bill of exceptions states that when the jury was being drawn or selected from the venire for this trial, the name of one "Bowing" was drawn and called, and in answer to said name one "Bowen" appeared as the man who had been summoned under that name; that the court discarded the name against objection and exception of defendant. The court in doing this acted within and according to the plain mandate of the law. —Code 1907, § 7267. The bill of exceptions does not purport to set out all that was done, and this court will presume that the court complied with said section of the Code in supplying his place.

The bill of exceptions does not purport to set out all of the evidence. We cannot therefore say that the court erred in allowing the witness Monroe Jowers, against the objection of defendant, to testify as to the confession

[Davis v. The State.]

of defendant at the preliminary trial before the justice of the peace, on the ground that it was not shown to be voluntary. The said confession having been made during the preliminary trial, while defendant was testifying for himself, it will be presumed that his testimony was taken down in writing by the trial justice as the law directs, and the objection to the parol evidence of his confession should have been sustained, unless a proper predicate for the admission of secondary evidence was first laid, by showing that in fact it was not taken down, or that it had been lost and could not be found after diligent search as the law directs.—*Davis v. State,* 17 Ala. 417; Code 1907, § 7600; *Mathews v. State,* 96 Ala. 62, 11 South. 203; *Sanford v. State,* 143 Ala. 78, 39 South. 370.

If the confession was voluntary, it was competent for the court to allow the witness Lucius Body to tell the entire confession, as it was all a part of the res gestæ, and that part wherein he told of striking the little boy with the gun was properly allowed over the objection of defendant.—*Smith v. State,* 88 Ala. 73, 7 South. 52.

For the errors pointed out, this case is reversed and remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ. concur.