# Bone *v.* The State.

### *Murder.*

(Decided May 13, 1915. 68 South. 702.)

1. *Evidence; Former Trial; Dead Witness.*—Where a witness is dead his testimony given on a former trial is admissible on a subsequent trial.

2. *Appeal and Error; Review; Injury.*—Under Rule 45, Supreme Court Practice, the defendant cannot complaint of the sustaining of an objection to a question to a state's witness, on cross-examination unless he shows what testimony he expects to be elicited as an answer to his question.

3. *Homicide; Instruction; Self-Defense.*—A charge asserting that if a man has been threatened by another and he honestly believes, and there are reasonable grounds for him to believe that the latter intended to take his life or to inflict on him great bodily injury, he may arm himself for self-protection, provided his purpose is merely to defend himself from an attack, and under such circumstances, one so threatened may go even to places where the person who has made the threat then is, if such purpose is to attend to business, is misleading in part and argumentative as a whole.

4. *Same.*—A charge asserting that it was the duty of the defendant, if he was approached in a dangerous and threatening manner, to retire and escape from the conflict, if he could do so without injury to himself, and if by flight he would apparently leave himself exposed to grievous bodily harm from which he could not probably escape by flight, he could stand his ground and defend himself, and that the law does not require that one who is without fault shall lose his own life that he may spare his assailant, assumes that defendant was free from fault in bringing on the difficulty, and is properly refused.

5. *Same.*—A charge that if the jury have a reasonable doubt as to whether defendant acted in self-defense, they should acquit, fails to define self-defense, and is properly refused.

6. *Same.*—Where the facts hypothesized do not as a matter of law constitute an entire freedom from fault on the part of the defendant in bringing on the fatal difficulty, a charge requiring an acquittal on the grounds of self-defense is not a proper statement of the law, and may be refused without error.

7. *Same.*—Where defendant, after he and deceased had had a difficulty and had separated, returned to the scene of the former difficulty, where he knew deceased was, it was a question for the jury, whether he was free from fault.

8. *Charge of Court; Assuming Facts.*—A charge which assumes as a fact matters which it is for the jury to determine, is properly refused.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Willis Bone was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Defendant was charged with killing Joe Walker by shooting him with a gun. The following charges were refused to defendant: (1) I charge you, gentlemen, that if a man has been threatened by another, and he honestly believes, and there are reasonable grounds for him to believe, that deceased intended to take his life, or to inflict upon him great bodily harm, then such person would have a right to arm himself for self-protection, provided his purpose was merely to defend himself from an assault or attack by such person so threatening him. And I further charge you that, under such circumstances, a person thus threatened would have the right to go even to places where the party who had threatened his life then was, if such going was upon or for the purpose of attending to business. In other words, a person thus threatened does not have to abandon his business and secrete himself, but has the right, under the circumstances above set forth, to arm himself for self-protection, and go where his business calls him, even though it may be that the person who threatens his life is at that particular place.

[Bone v. The State.]

Charges 9 and 10 are similar to charge 1.

(2) It was the duty of defendant, if he was approached in a dangerous and threatening manner, to retire and escape from conflict, if he could do so without danger to himself. If by flight defendant would apparently leave himself exposed to grievous bodily harm, from which he could not probably escape by flight, then he could stand his ground and defend himself, even at the expense of his assailant's life. The law does not require that one who is without fault shall lose his own life that he may thereby spare his assailant.

(6) If, after the jury have considered all the evidence in this case, they have a reasonable doubt as to whether defendant acted in self-defense, they should acquit him.

(8) If the jury believe that Bone went to his home and procured a gun, and in so doing was not actuated by any motive of preparing himself to commence or enter upon a difficulty with Joe Walker, but solely for the purpose of returning the gun to Otto Self, the owner of the gun, and that Bone returned to the place of business of deceased in a peaceable manner, that after he returned he did nothing to renew the former difficulty, or to bring on or provoke the difficulty with Walker, then the mere fact that he had gone home, armed himself and returned would not deprive him of the right of self-defense.

(11) The court charges the jury that prior communicated threats made by deceased against defendant would arm defendant with the right to take more prompt and decisive measures to protect himself from the treatened assault made by deceased upon defendant.

F. E. St. John, for appellant.

W. L. Martin, Attorney General, and W. H. Mitchell, Assistant Attorney General, for the State.

THOMAS, J.—(1) The insistence of appellant's counsel in brief that the court erred in admitting in evidence the testimony of John Richardson is without merit, in the face of the recital in the record that the witness was dead, and that his testimony, as offered by the state and allowed in evidence by the court, was the testimony of the witness as given on the former trial.

(2) The state proved by the witness Walker a threat made by defendant against deceased at the conclusion of a former difficulty between them, when defendant, upon separating at that time from deceased, said, as he was leaving: "I will get even with you." The defendant on cross-examination then asked the witness if, in that former difficulty, deceased did not call defendant "a d—— son of a b——." An objection was sustained to the question, and the witness was not permitted to answer it.

While we are clear in the opinion that it called for inadmissible details of a former difficulty, yet, assuming the contrary, as contended in brief, it is not shown by the record that the defendant was in any wise injured by the refusal of the court to allow the witness to answer the question; since it is not shown what the answer of the witness would have been if he had been permitted to answer the question. For aught we know, it would have been a negative answer—that is, that deceased did not call defendant "a d—— son of a b——" in the former difficulty. If so, defendant certainly was not injured by the court's refusal to allow the witness to answer the question. Under the new rule adopted by the Supreme Court, which governs this court, an appellant, to secure a reversal, must not only show error in the record, but such error as that we can say it "prob-

[Bone v. The State.]

ably injuriously affected" the case.—Rule 45 (175 Ala. xxi, 61 South. ix).

What we have said disposes also of the assignment of error predicated on the action of the court in sustaining the state's objection to defendant's question to the witness Turner, which called for all that was said between defendant and deceased in the former difficulty.

A great many special charges were given at defendant's request—28 in all—covering practically every phase and aspect of the case, in a way really more favorable to defendant than he had a right to require. Several special charges were refused, but it is only insisted in brief that those of them numbered, respectively, 1, 2, 6, 8, 9, 10, and 11 should have been given. We shall therefore confine ourselves to a discussion of these, all of which, as well as those not discussed, were, in our opinion, properly refused.

(3) Charges 1, 9, and 10, which are similar, are each misleading in part, abstract in part, and argumentative in toto.—1 Mayf. Dig. 173, § 18.

(4) Charge 2, besides being argumentative, has the vice of assuming defendant's freedom from fault in bringing on the difficulty.

(5) Charge 6 refers to the jury a question of law, in failing to define or set forth the elements of self-defense.—McGhee v. State, 178 Ala. 12, 59 South. 573.

(6, 7) Charge 8 is palpably bad. The facts hypothesized do not, as a matter of law, constitute an entire freedom from fault in bringing on the difficulty. As to whether defendant, in returning, under the circumstances mentioned, to the scene of the former difficulty, where he knew deceased was, was entirely free from fault, was a question for the jury, and not the court.

(8) Charge 11 asserts or assumes that prior threats had been made by deceased against defendant, and had been communicated to defendant prior to the fatal difficulty. This was a question for the jury.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.

BROWN, J., not sitting.