(127 So. 514)

### GRANT v. STATE.

6 Div. 516.

Supreme Court of Alabama.

April 3, 1930.

Kenneth C. Charlton, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

BOULDIN, J.

Alonzo Crummie, Jr., a negro boy some fourteen years of age, residing near Northport in Tuscaloosa county, disappeared the day following Christmas day, 1916. Twelve years later Robert Williams made statements or disclosures that led to the indictment of Frank Grant, Jr., otherwise known as Doodle Grant, for the murder of Alonzo Crummie.

Williams testified on the trial that he joined a party of other negro boys, including this defendant and the deceased, and all went rabbit hunting with dogs and guns; that the defendant shot and killed the deceased in a controversy over a rabbit that had been taken on the hunt; that defendant and his younger brother tied a rock to the body of deceased and threw it in the Warrior river. At that time Williams was a boy of some thirteen years of age, and defendant some fifteen years of age. Two other boys, named by Williams as present, have since died. He is the sole eyewitness for the state; gives the only direct testimony to establish the corpus delicti; the only direct testimony that a murder was committed and connecting defendant therewith.

We purposely avoid further details of the testimony, deeming the above sufficient to present the legal questions treated.

There was conflict in the evidence on material matters drawn out in Williams' evidence.

In view of the nature of the case made by the evidence, defendant's refused charges (e) and (f) were correct statements of the law applicable thereto.

The only instruction given on this line was charge G, requested by defendant.

For comparison we here set out refused charges (e) and (f) and given charge G:

"(e) If the jury believe from the evidence that the witness Robert Williams has falsely testified and wilfully so as to material part of his evidence before them, then they may disregard his evidence entirely, and in that event, they should acquit the defendant."

"(f) If you believe that any material part of the evidence of the witness Robert Williams is wilfully false, you may disregard his entire testimony, and should you do so, this defendant must be acquitted."

"G. If you believe that the entire charge against this defendant rests upon the testimony of the witness Robert Williams, and that in the giving of his testimony he has testified wilfully and falsely to any material part of his evidence, you may, if you see fit, eliminate his testimony entirely, and acquit this defendant."

Charge G predicates the right to acquittal upon two findings by the jury, stated conjunctively: First, a finding that the entire charge rests upon testimony of Williams; and, secondly, that his testimony should be entirely eliminated because of perjury.

By the first hypothesis it is submitted to the jury to say whether there is any evidence to support a conviction other than that of Williams. This was a question of law for the court. The jury passes upon the weight of the evidence, the court upon whether there is any evidence.

In a strict sense a conviction did not rest entirely on Williams' testimony. There was corroborative evidence that deceased was with the hunting party on the occasion, and that he disappeared and could not be found by search.

The jury may well have found the entire charge did not rest on Williams' testimony. Charge G denies to defendant an acquittal in such event, although for good cause they disregard Williams' entire testimony.

Briefly stated, it leaves open to the jury to convict the defendant on the other evidence, although Williams' testimony be entirely disregarded. That is not the law of the case. If Williams' testimony was entirely disregarded, the other evidence would not support a conviction. No other evidence of the corpus delicti was before the jury.

If Williams' testimony be disregarded entirely for reasons stated in the charges, defendant was entitled to an acquittal, whatever the jury might believe as to other evidence.

This is just what charges (e) and (f) direct. Charge G does not, but authorizes a conviction although Williams' evidence be entirely disregarded.

Clear instruction on this point was important. Refusal of charges (e) and (f) must work a reversal.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., dissent.