6 So.2d 26

## JONES v. STATE.

### 4 Div. 657.

Court of Appeals of Alabama.

Feb. 3, 1942.

W. R. Belcher and A. L. Patterson, both of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant and three others, not on trial, were jointly indicted charged with robbery; specifically, that the said named parties, "feloniously took lawful money of the United States of America, a further description of the same being to the Grand Jury unknown, of the value of $45.00, the property of L. M. Lavender, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same," etc.

Upon the trial of the case in the court below, it was affirmatively disclosed by the evidence, without dispute, that the crime complained of in the indictment had been committed. It was also affirmatively shown, without dispute or conflict, that said crime of robbery was committed by two, and only two, of the four persons charged in the indictment. This evidence disclosed that the robbery was perpetrated by the named defendants Renfroe and Elliot. There is not a scintilla of any legal evidence tending in any manner to connect this appellant with the commission of the offense. It appears from the testimony upon the trial of this case that throughout the whole proceedings, that is to say, from

the time this appellant was arrested and all along pending the trial he never at any time made any admission to the effect that he entered into an agreement with the other named defendants to commit the crime, to the contrary, as stated, he upon every occasion, stoutly denied that he had done so, and there appears no legal evidence in this case to the contrary. In the case of People v. Swersky, 216 N.Y. 471, 111 N.E. 212 (Court of Appeals), the eminent Justice Cardozo, of that court; (afterwards a Justice of the Supreme Court of the United States), under facts in that case of similar import as in the case at bar, said: To permit a jury to say that the defendant did join in the commission of the offense, when the only evidence is that he did not, would be to permit them to build their verdict upon speculation and suspicion.

 The trial court committed reversible error in allowing Lavender, the alleged injured party, to testify over the objection and exception of defendant, as to what co-defendant Renfroe stated in the presence of this appellant, towit, "that they all went to rob that place." Said testimony of Lavender indicated that the above quoted statement by defendant Renfroe was made in the presence of this appellant during the preliminary trial or other judicial proceeding in connection with this case. If the ruling of the court under discussion was upon the theory the evidence was admissible because of nondenial, or silence of the defendant, the court labored under a misapprehension of the law. (1). The general rule for the introduction of admission from silence has been stated to be: for silence to be admissible, it must be shown the accused heard and understood the specific charge against him, and that he heard it under circumstances not only permitting but calling upon him for a denial, taking into consideration all the circumstances and the persons present. And if it be proved that the accused when he heard the incriminating statement positively denied it (as here), the statement is inadmissible and cannot be admitted in evidence. In other words, the admissibility of silence depends on whether he hears and understands the statement and comprehends its meaning; whether the truth of the facts embraced in this statement is within his own knowledge; whether he is in such a situation that he is at liberty to make a reply. If made in the course of

any judicial hearing, as here, he could not interfere and deny the statement; it would be to charge the witness with perjury and inconsistent with decorum and the rules of law or if he is restrained by fear, or by doubts of his rights, by a belief that his security will be promoted by his silence. Underhill's Criminal Evidence, 4th Edition, p. 493.

 (2). Moreover, practically all the testimony adduced upon the trial in the court below against this defendant, related to and was confined as to what the witnesses had testified to at the preliminary trial of these defendants. This clearly appears in the bill of exceptions. The testimony in this connection was in response to questions propounded to the witnesses, as follows: "Q. Now tell the jury as best you can, all that you heard this defendant here say down there at that preliminary hearing?" The defendant, Tolbert Jones (appellant), promptly objected to said questions on the ground that it was not the best evidence. This objection met the required rule. In fact, a general objection without stating any grounds would have sufficed. Davis v. State, 17 Ala. 415. In said case our Supreme Court said:

"The solicitor proved on the trial by the magistrate before whom the prisoner was brought upon this charge, what a witness had testified on the examination * * *. The statute expressly requires that the testimony of the witnesses on such examinations shall be reduced to writing by the magistrate, or under his direction, and shall be signed by the witnesses if required by the magistrate; and the examination is to be certified by the magistrate to the court at which the accused is required to appear. As it is to be intended that the magistrate took the testimony in writing according to his duty, parol evidence of what the witness testified is inadmissible, until it is shown that it was not reduced to writing. * * *

"The prisoner made a general objection to this parol evidence, but it was admitted and he excepted. It does not appear in this case, that any ground was laid for the admission of the parol evidence. There was no evidence, so far as the record shows, that it was not reduced to writing or that the written evidence was lost or destroyed, without which it was clearly inadmissible in its nature. Where evidence offered is on its face or in its nature inadmissible until a ground is laid, a gen-

eral objection is sufficient * * * it cannot be necessary for the party objecting to inform the court why such evidence is inadmissible. * * * A special exception in such a case as this would be entirely useless and should not be required."

In response to said questions said witnesses were permitted to testify as to what they heard Tolbert Renfroe and Douglas Elliot testify to at said preliminary trial and this was done, as stated, over the timely objection and exception of the defendant.

With respect to testimony taken at a preliminary trial Section 5233 of the Code of Alabama 1923, Code 1940, Tit. 15, § 135, requires that: "The evidence of the witnesses examined, both for the state and for the defendant, must be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively."

Said Section appeared in the Code of Alabama, 1907, as Section 7600, and this Section of the Code of 1907 was considered by our Supreme Court in the case of Davis v. State, 168 Ala. 53, 52 So. 939, 940, where it was said:

"The said confession having been made during the preliminary trial, while defendant was testifying for himself, it will be presumed that his testimony was taken down in writing by the trial justice as the law directs, and the objection to the parol evidence of his confession should have been sustained, unless a proper predicate for the admission of secondary evidence was first laid, by showing that in fact it was not taken down, or that it had been lost and could not be found after diligent search as the law directs."

In the instant case it appears from the bill of exceptions that the State made no effort whatever to first lay a proper predicate for the introduction of the testimony of Mr. Lavender as to the testimony taken at said preliminary trial, and did not show that said testimony was not reduced to writing, or that the same had been lost and could not be found. The bill of exceptions recites that it contains all the evidence presented upon the trial of the case. The trial judge, certified that the alleged errors were fairly and clearly presented. It is, therefore, the opinion of this court that the trial court should have sustained the defendant's objection to the question calling for said parol testimony of what the witnesses testified to at the preliminary trial, and that the failure of the trial court to sustain said objection constitutes error for which the judgment of the trial court must be reversed, as the testimony objected to was materially damaging to the defendant.

It appears from this record that when the State closed the taking of its testimony, counsel for the defendant took the position stated in open court that the State had not made out a case against the defendant and moved the court to discharge the defendant. The trial court overruled this motion and the defendant excepted.

The record discloses that this appellant, a young man, 18 years of age, bore an exceptionally good character. A large number of disinterested witnesses testified to this fact; and no effort was made to dispute it. A conviction of this serious character, upon the slight testimony as appears, even if said testimony had been legally adduced, would, in our opinion be unconscionable.

All the evidence introduced by the State and under which it attempted to connect the defendant with the alleged robbery consisted of statements made by Tolbert Renfroe and Douglas Elliot, the persons who actually committed the robbery, and also who were the alleged accomplices of the defendant, neither of whom was examined as a witness upon the trial of this case in the court below. These statements were made by the said Renfroe and Elliot, either at the preliminary trial or while they were in jail awaiting the preliminary trial. In order for the defendant to have been legally convicted upon this testimony, even if it had been competent, it was necessary for the State to introduce testimony in corroboration of the testimony of the accomplice, or accomplices. Code of Alabama 1940, Tit. 15, § 307; Kemp v. State, 24 Ala.App. 591, 139 So. 437; Pearce v. State, 26 Ala.App. 492, 164 So. 114.

We have searched this record with care and, as stated, do not find any legal testimony which, under our decisions or those of our Supreme Court, even purport to be in corroboration of the so-called testimony of the accomplices.

It is the opinion and judgment of this court that the defendant's motion to be discharged should have been granted by the trial court, and that its failure so to do constitutes reversible error.

For the same reason, it is the opinion and judgment of this court that the general affirmative charge in favor of the defendant requested by him in writing should have been given. The trial court refused to give said charge and thereby committed reversible error.

It is further the opinion and judgment of this court that the defendant's motion for a new trial should have been granted by the court below and that the failure of said court to grant the same was error requiring also a reversal of the judgment appealed from.

That the errors complained of and herein pointed out were extremely harmful and prejudicial to the defendant, we entertain no doubt. Our Supreme Court Rule 45 with respect to error without injury has no application whatever in this case.

For the errors pointed out, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.