8 So.2d 450

### BLANKS v. STATE.

6 Div. 899.

Court of Appeals of Alabama.
May 26, 1942.

520.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant appeals from a conviction in the Circuit Court of robbery.

The injured party, M. G. Smith, testified for the State at the preliminary trial, but was dead at the time of the trial in the Circuit Court, so the State proved, at this later trial, what he had testified on the preliminary trial.

The method of eliciting this former testimony was as follows: A bystander at the preliminary trial, who heard Smith testify there, was permitted to testify in the Circuit Court the substance of Smith's testimony.

This was the only evidence to establish the corpus delicti.

"It is a very general rule, applicable alike in civil and criminal cases, that if a witness has given testimony, in the course of a judicial proceeding between the parties litigant, before a competent tribunal, and subsequently dies * * * it is admissible to prove the substance of the testimony he

Wm. Conway and Frederick V. Wells, both of Birmingham, for appellant.

gave formerly. 1 Whart. Ev., §§ 177–180; 1 Greenl. Ev., §§ 163–166; 1 Brick. Dig. p. 878, §§ 1064–1072; 3 Brick. Dig. p. 441, §§ 523–533; Lowe v. State, 86 Ala. 47, 5 So. 435; South v. State, 86 Ala. 617, 6 So. 52; Perry v. State, 87 Ala. 30, 6 So. 425; Pruitt v. State, 92 Ala. 41, 9 So. 406; Lucas v. State, 96 Ala. 51, 11 So. 216." Thompson v. State, 106 Ala. 67, 74, 17 So. 512, 514; Floyd v. State, 82 Ala. 16, 2 So. 683; Bone v. State, 13 Ala.App. 5, 68 So. 702.

It was upon this theory that the evidence was admitted but the appellant contends that the form in which the testimony of the deceased witness was presented offended the "best evidence rule", and was improper and erroneous.

In our recent case of Jones v. State, ante, p. 360, 6 So.2d 26, opinion by our Presiding Judge, the principle was reaffirmed that testimony concerning what a witness heard testified to at the preliminary hearing was not the "best evidence" and was inadmissible without showing that the testimony at preliminary hearing was not reduced to writing or that it had been lost and could not be found.

■ The rationale for the rule is that the law requires that the evidence of the witnesses, examined on preliminary hearing, be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively. Code 1940, Title 15, § 135.

■ It is presumed, in the absence of proof to the contrary, that the committing magistrate has done his duty by complying with this statute; and parol proof of what a deceased witness swore on such examination is inadmissible until this presumption is rebutted or the absence of the written evidence otherwise accounted for. Of such import are the following cases: Jones v. State, Ala.App., 6 So.2d 26; [1] Davis v. State, 168 Ala. 53, 52 So. 939; Sanford v. State, 143 Ala. 78, 39 So. 370; Matthews v. State, 96 Ala. 62, 11 So. 203; Harris v. State, 73 Ala. 495; Davis v. State, 17 Ala. 415.

■ But in this case it sufficiently appears that the testimony of the witness Smith, on preliminary, was not reduced to writing, thereby rendering parol evidence thereof admissible. This showing was made by the admission of the defendant's counsel in open court to this effect, in the following language: "This man (defendant) didn't have counsel up there at all, (at the preliminary), and the testimony was not taken down." The fact that the testimony was not reduced to writing seems to have been uncontroverted but admitted by counsel for both parties. So, to place the trial court in error for failing to require proof of this uncontroverted fact would be unwarranted. We see no injury done the defendant on this score. The testimony of the deceased witness Smith was properly proven.

■ The authority, of course, of defendant's counsel to make such an admission in the course of the trial, as binding upon his client, cannot be questioned. Starke v. Kenan, 11 Ala. 818; Rosenbaum v. State, 33 Ala. 354; McWilliams v. Martin, 237 Ala. 624, 188 So. 677; Coster v. State, 16 Ala.App. 191, 76 So. 475; Sinclair v. State, 161 Miss. 142, 132 So. 581, 74 A.L.R. 241; 31 C.J.S., Evidence, § 361a and b, pp. 1135–1137.

■ There is no virtue in the insistence that the testimony of the witness Smith on preliminary would, in any case, be inadmissible because at said hearing the defendant had no lawyer to represent him there. Even though the offense was a capital one, it was not incumbent upon the committing magistrate to appoint counsel to represent the defendant at that hearing. This requirement pertains only after the defendant is indicted. Code 1940, Title 15, § 318. For this reason, Charge 5, requested by the defendant, was correctly refused. It dictated the acquittal of the defendant if, at the preliminary trial, the defendant was not represented by counsel.

■ Refusal of Charge 4, urged as correct on authority of Grant v. State, 221 Ala. 34, 127 So. 514, is well justified because the principle of law embodied therein was completely covered in given Charge 3, requested by the defendant, and in the general oral charge of the court. The defendant was not prejudiced by its refusal. Code 1940, Title 7, § 273.

■ Nor does the defendant appear to have been prejudiced by the refusal of the remaining requested charges. They were either abstract, incorrect statements of the applicable law, or substantially covered by the other given charges, oral and written.

After a careful consideration of the points urged by able counsel, as well as the case as

---

[1] Ante, p. 360.

a whole, we have concluded that the judgment should be affirmed.

Affirmed.