258 So.2d 909

**James Harry ALLEN**

v.

**STATE.**

**1 Div. 4.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

Collins, Galloway & Murphy, and James. H. Lackey, Mobile, for appellant.

**567**

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

ALMON, Judge.

James Allen was convicted of robbery and sentenced to sixteen years in the penitentiary.

On October 27, 1967, Allen entered Seaboard Finance Company, a place of business on Government Street in Mobile. At gunpoint he robbed four employees of $185.00. All four of these employees identified Allen at the trial as the robber.

Appellant argues in brief that the trial court was in error in allowing these in-court identifications. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178. We have carefully reviewed the record and find that no objection whatsoever was made to the admission of these in-court identifications. Furthermore, there was no motion to suppress this testimony. With the record in this posture, nothing is presented for review. Grace v. State, 44 Ala.App. 682, 220 So.2d 259, cert. denied 283 Ala. 714, 220 So.2d 261.

Appellant further alleges error in the refusal of the trial court to grant his request for a transcript of the testimony taken at the preliminary hearing. He contends there were discrepancies in the testimony of one of the witnesses at the preliminary hearing and his testimony at the trial. This motion was made orally during trial. In reply to this motion the trial court stated:

"You understand and know that there is no transcript. That is the reason I denied it. If there was, I would have requested them to give it to you."

Tit. 15, § 135, Code of Alabama, 1940, as amended 1958, provided, before its repeal by Act No. 1106, Acts of Alabama, 1969, that the testimony of witnesses examined at preliminary hearings must be reduced to writing.

We have found no cases requiring a reversal due to the failure of a committing magistrate to comply with the above Statute. Indeed, to so hold might under some circumstances forever preclude the state from prosecuting its case. Moreover, since the nonexistence of the transcript of the preliminary hearing had apparently been established, it would have been permissible for the appellant to have established this witness's former testimony by parole evidence. Jones v. State, 30 Ala.App. 360, 6 So.2d 26; Blanks v. State, 30 Ala.App. 519, 8 So.2d 450.

The judgment in this cause is due to be and is hereby

Affirmed.

PRICE, P. J., and CATES and TYSON, JJ., concur.