(101 So. 356)

### BOSHELL v. STATE. (6 Div. 367.)

(Court of Appeals of Alabama. Sept. 2, 1924.)

1. Criminal law ⬅1091(12)—Oral charge to appear in transcript only once.

Under Acts 1915, p. 815, relating to appearance of charges in the transcript, oral charge of court should appear therein only once.

2. Criminal law ⬅1091(12)—Oral charge as whole, and given and refused charges, need only appear in record proper.

Although exceptions to court's oral charge must be incorporated in bill of exceptions, in order to be properly presented on appeal, under Acts 1915, p. 815, the oral charge, as a whole, and the given and refused charges, need only appear in record proper.

3. Witnesses ⬅319—Impeaching witness on matter immaterial to issues involved held reversible error.

In prosecution for assault and battery, whether witness had heard shots just before those constituting alleged assault, or whether he made that statement to others, held immaterial, so impeaching him thereon, over objection of accused, was reversible error.

4. Witnesses ⬅319—Impeachment must be on matters material, on trial of case in which testimony is given.

Impeachment of a witness must be as to matters material, on trial of the case in which he gives testimony.

5. Criminal law ⬅369(13)—Permitting state to ask defendant as to prior arrest held prejudicial error.

In prosecution for assault and battery, permitting state to ask accused if he had been arrested several months prior to alleged assault, held prejudicial error, questions being foreign to issues involved.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Willie Boshell was convicted of assault and battery, and appeals. Reversed and remanded.

'On the trial of the case state's witness Burkett testified that he was chief of police of Townly, and, on the occasion in question, at night, met the defendant on the streets and attempted to arrest him, told him he was under arrest, and demanded that he halt and give witness the pistol defendant had; that defendant evaded witness, whirled around, and fired a volley of shots at witness; that finally witness secured the gun, but defendant ran away.

The defendant's witness Posey testified that he saw defendant a few minutes before the difficulty, and that defendant appeared to be sober.

On cross-examination the solicitor asked this witness, over defendant's objection, if "on that same night" he "heard some shots just before that down at the garage." The witness answered in the negative; whereupon the solicitor, over objection, asked the witness if he did not, in a conversation with Burkett and one McCleskey, the following day, state that shots were fired next to the garage. Witness answered in the negative.

Over objection of the defendant the solicitor was permitted to prove by witnesses Burkett and McCleskey that Posey did have a conversation with them in which he said he heard shots at or near the garage before the shots fired at Burkett.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1] The lengthy oral charge of the court appears *twice* in this transcript. This is not necessary, and to follow this custom entails useless labor and expense in the preparation of transcripts on appeal. The statute expressly provides that "the charge of the court shall appear in the transcript"; so, also, the charges given at the request of the plaintiff or the state; and (3) the charges given at request of the defendant; (4) the charges refused to appellant. Acts 1915, p. 815. Will Dill v. State, 19 Ala. App. 636, 99 South. 831.

[2] Of course, such exceptions as may be reserved to the court's oral charge must be incorporated in the bill of exceptions, the

bill of exceptions being the only method by which this character of exception can properly be presented to the appellate courts. But by the statute, supra, the oral charge, as a whole, the given and refused charges, need only appear in the record proper; and as to the special written charges requested, the said statute creates the presumption that each charge was separately requested, and that a separate exception was reserved as to the giving or refusal thereof.

[3, 4] Over the objection and exception of the defendant, the court permitted the state to impeach defendant's witness J. J. Posey on a matter wholly immaterial to any of the issues involved upon the trial of this case. Whether or not this witness had on that same night heard some shots just before that down at the garage, or whether or not he had made such a statement to Mr. Pete McCleskey and Frank Burkett near the depot, could shed no light on the issues involved here. It is an elementary rule of evidence that a witness, to be impeached, such impeachment must be as to matters material on the trial of the case in which he gives testimony, and not upon matters entirely foreign to any of the issues involved upon the trial then in progress. These rulings of the court were error to a reversal.

[5] The court also erred in allowing the state, over the timely objection of defendant, to ask the defendant if he had been arrested by the marshal several months prior to the time of the present difficulty complained of, and also the following question, "I will ask you if he didn't arrest you on January 13th, in your garage?" These matters were also foreign to the issues here involved, and the fact that this defendant had been arrested several months prior to the alleged commission of the offense here complained of should not have been allowed in evidence upon the trial of this case. It was prejudicial to the substantial rights of the defendant, and his objections to the questions should have been sustained.

The judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.