17 So.2d 545

### JONES v. STATE.
### 6 Div. 20.

Court of Appeals of Alabama.
March 21, 1944.

Rehearing Denied April 11, 1944.

V. H. Carmichael and Pennington & Tweedy, all of Jasper, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was tried under an indictment charging him with the offense of murder in the second degree. He was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of two years and six months.

■ Appellant, deceased, and another were, in the home of said other drinking "home-brew," which we know to mean an intoxicating "home-made" beer.

It would seem inadvisable to narrate in detail the testimony. Let it suffice to say that while defendant's witness Alvis, designated above as the "other," or "another," was temporarily out of the room where the three mentioned were drinking the "home-brew," a fight arose between appellant and deceased. The exact manner in which the said fight begun, or its progress, is in serious dispute in the testimony.

■ It is enough to say that appellant's testimony, corroborated by Alvis, was to the effect that deceased attacked appellant with a chair—at the same time applying to him a vile epithet,—whereupon appellant, in defending himself, struck deceased a blow or blows over the head with a chair, or empty wooden "powder box," and killed him.

The State's testimony, consisting only of appellant's alleged confession, made to the officers while he was in jail on the same day the killing occurred, was to the effect that deceased did nothing more than apply the said vile epithet to appellant, whereupon appellant struck the deceased over the head with a chair or "powder box" and killed him.

The issues raised were properly submitted to the jury.

As intimated above, appellant relied, in support of his plea of self-defense, upon his own testimony, in connection with that of the witness Alvis. True, he brought to the witness stand numbers of the prominent

citizens of his County who testified that he bore a good reputation.

But his principal reliance was upon the testimony of the witness Alvis. This witness corroborated his own version of the manner in which the fight with deceased arose. And if Alvis told the truth, appellant did the act, which brought about the death of deceased, in defense of his own life, or to avoid suffering grievous bodily harm. So whether or not Alvis did tell the truth on the witness stand was vital to appellant's defense.

In this connection, the Solicitor, on cross-examination of Alvis, asked him—after Alvis had told of the fight between appellant and deceased, and given his version of how it occurred and proceeded—if he did not tell the wife of deceased, who came up to Alvis' home after deceased was killed, that "if he (Alvis) hadn't run under the table and behind the stove he (appellant) would have killed him (Alvis)." Alvis denied that he did so. This was entirely immaterial to any issue involved in the trial, and was but the unauthorized conclusion or opinion of Alvis.

Nevertheless, the wife of deceased was allowed in rebuttal, over the timely and proper objection of appellant—with due exception reserved—to testify that Alvis did state to her at said time and place, as follows, viz: "Yes, sir, he said if he hadn't run under a table and behind the stove, he would have killed him."

■ As already noted, the said statement, if made, by Alvis was entirely immaterial. And no principle of the law seems better settled than that a witness may not be impeached on an immaterial issue. Cochran v. State, 20 Ala.App. 109, 101 So. 73; Boshell v. State, 20 Ala.App. 259, 101 So. 356; Hyde v. State, 13 Ala.App. 189, 68 So. 673.

■ The condition of the testimony in the instant case, which we have not thought wise to detail, convinces us of the wisdom of the rule mentioned. It is easy to see how its violation, here, worked great harm to appellant's cause. For the error in its violation the judgment must be reversed.

Appellant complains vigorously of the action of the court in allowing, over his objection, the witness Daly, the Chief Deputy Sheriff of the County, to detail into the evidence the "confession," or "incriminating statement," of appellant as narrated to Daly, in company with the Coroner of the County and another Deputy Sheriff, while appellant was in jail after the killing, and on the day of same.

■ Daly was duly qualified as to threats or promises made to appellant, but appellant contends any statement made to Daly at said time and place was made really, or as well, to the Coroner, who was acting. in his capacity as such under the provisions of Code 1940, Tit. 15, § 76; and that the same being committed to writing by the Coroner constituted the "best evidence" of what was said on the occasion in question.

It will be enough to say as to the above contention that it does not sufficiently appear that the Coroner was acting in compliance, or did act in compliance, or did comply, with the provisions of the Code section noted,—although he did state that he "wrote down" what appellant said on the occasion.

■ But in any event it would seem that there is no valid objection to the admission of Daly's narration of what appellant told him on the occasion—the proper preliminary proof being otherwise offered —merely because same may have been "written down" by the Coroner, who was likewise present. Wharton's Criminal Evidence, 11th Ed., Vol. 2, page 964.

The other questions apparent seem unlikely to arise on another trial. They involve nothing new or novel and will not now be dealt with.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.