35 So.2d 693

## ELKINS v. STATE.

### 6 Div. 656.

Supreme Court of Alabama.
June 3, 1948.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

STAKELY, Justice.

Hardy Elkins, the appellant, was found guilty of murder in the second degree and sentenced to a term of thirty years in the penitentiary. His pleas on the trial of the cause were not guilty and not guilty by reason of insanity.

On Sunday afternoon May 11, 1947, the appellant and Lee Keene, the deceased, got together and rode together to different places in Tuscaloosa County. Appellant wanted to help Lee Keene get a new Hudson automobile and they talked about plans to that end. They had several drinks together. Later on in the evening about 8:30 P. M. they were at a cafe known as Jim's Place at the corner of University Avenue and Third Avenue. At that time the appellant shot the deceased and caused his death. There was no evidence of any trouble between them. They had been friends for about 20 years. Deceased at the time of the shooting was seated in his car under the steering wheel, while appellant was standing outside the car alongside the window by which the deceased was sitting. Three shots were fired into the body of deceased. When the firing started deceased drove his car away a short distance and stopped mortally wounded. As it moved away appellant fired at the moving car two or three times. The appearance of appellant showed that a blow had been struck him over the eye.

Immediately prior to the shooting the appellant was yelling: "I am the Bureau of Investigation. Federal Bureau of Investigation. Call the police." Tendencies of the evidence showed that both appellant and the deceased were under the influence of liquor at the time of the shooting. According to appellant, during the afternoon sometime before the shooting, his mind went blank and after that he did not remember anything that happened. He accounted for his whereabouts and conduct up to that time in the afternoon, but after that he could not recall where he went or what he did.

Reversal is sought on a number of rulings made by the court on the evidence.

According to tendencies of the evidence the defendant made a voluntary statement to W. C. Tompkins, Jr., a police officer of the City of Tuscaloosa, the morning after the shooting. The statement was reduced.

to writing and signed by the defendant. The state attempted to introduce the statement in evidence. The defendant objected on the ground that the statement had been underscored or marked in certain places. The court sustained the objection of the defendant and then over the objection of the defendant that the writing was the best evidence, allowed the witness to testify to what the defendant told him which in effect was that he, the defendant, and the deceased had drunk a considerable amount of whiskey and both were pretty well drunk and that he, the defendant, didn't remember anything that happened after he left Terry Whitley's Place at Peterson. According to the testimony of defendant, defendant recalled incidents of the trip after defendant and deceased left Peterson and he was not drunk.

It is seriously contended that the court was in error in allowing parol evidence to prove the contents of the statement which had been reduced to writing when the writing at the time was in the possession of the state. The appellant cites in behalf of this position Davis v. State, 168 Ala. 53, 52 So. 939; Roberson v. State, 21 Ala.App. 196, 106 So. 696; Jones v. State, 30 Ala.App. 360, 6 So.2d 26, and Blanks v. State, 30 Ala.App. 519, 8 So.2d 450. The statement is in the nature of an inculpatory admission (Tillison v. State, 248 Ala. 199, 27 So.2d 43), but the principle is the same with reference to the matter which we shall discuss whether the statement be regarded as an inculpatory admission or a confession.

The case before us does not present a situation where the accused makes a statement in the preliminary hearing before the committing magistrate who is required by law to reduce the testimony to writing. Here we have an inculpatory admission which was extrajudicial, taken down in writing and signed by the accused. From our examination of the authorities while there is some diversity of opinion (22 C.J.S., Criminal Law, § 833, page 1457), the rule which we prefer to follow is well established, viz. that parol evidence of a confession or inculpatory statement taken down in writing extrajudicial is not secondary evidence. It could well be that the written evidence would be more convincing and accordingly of greater weight but that is not the determining factor. Both the written statement and the oral testimony of a witness who heard the statement are classed as primary evidence. The rules governing the establishment of a contract have no application here. Where there is a contract there is a meeting of minds and the written words are presumed to embrace the final agreement to the exclusion of everything else. When a confession or inculpatory statement is made there is no meeting of minds. All that the accused voluntarily wrote or said which is material to the charge, is competent against him because it is his own admission and against his own interest. The witness testifies not as to what the writing contains, but as to what he heard the defendant say. The court was not in error in allowing parol evidence of the statement made by the accused. Tyler v. State, 159 Miss. 223, 131 So. 417; Wharton's Criminal Evidence, Vol. 1, 11th Ed., p. 652, § 409; People v. Davis, 76 Cal.App.2d 701, 173 P.2d 833; People v. Giro, 197 N.Y. 152, 90 N.E. 432; Cawthon v. State, 71 Ga.App. 497, 31 S.E.2d 64; Hill v. State, 201 Ga. 300, 39 S.E.2d 675; McDaniel v. State, 183 Va. 481, 32 S.E.2d 667; Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710; People v. Spencer, 264 Ill. 124, 106 N.E. 219; Jones v. State, 31 Ala.App. 378, 17 So.2d 545. In view of the conclusion reached it is not necessary to consider the legal effect of the alterations claimed to have been made in the written statement.

James Shirley, a witness for the state, in testifying as to the position of the car of the deceased at the time of the shooting said, "It was alongside of a curb just like he was driving pretty close to it." The witness was then asked, "This other car that you say you saw, how was it parked with reference to that first car?" To this question the witness replied, "It was parked on the right out just like it was turned in just a little bit like it had pulled over and throwed the other man into the curb." It is claimed that this answer is

an attempt to prejudice the jury on illegal evidence of a conclusion of the witness and should have been excluded on motion of the defendant which was overruled. We do not agree. The answer was but a shorthand rendition by the witness of a description as to how the cars were parked. Besides on further examination of the witness when the statement of the witness was referred to, the court excluded the statement.

 It is contended that the trial court committed error in permitting the state to ask Dr. Falk, an expert witness, the following question. "Assuming, Doctor, that this thing happened on the night of May 11th and the subject has made no claim or anything else since then—since that experience he had on that night—that he was a member of the FBI, would that be consistent with his contention of insanity at the time?" To this question the witness answered, "No, I wouldn't think that would constitute insanity." There was no error in allowing the expert witness to answer the foregoing question. The question was an hypothetical question based on tendencies of the evidence and was directed to the question of defendant's insanity at the time of the shooting. It is entirely permissible for an expert to testify as an expert on matters which are within the issues to be determined by the jury, provided such matters are not of common knowledge. Colvin v. State, 247 Ala. 55, 22 So.2d 548. We think the question was properly a subject for expert testimony.

We have discussed the various matters argued by counsel in brief for appellant. In addition to this the entire record has been examined with great care. We find no error in the record and the judgment of the lower court must be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.