41 So.2d 610

## GORDON v. STATE.

### 6 Div. 865.

Supreme Court of Alabama.
June 30, 1949.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the petition.

Beddow & Jones and G. Ernest Jones, Jr., of Birmingham, opposed.

STAKELY, Justice.

In the case of Elkins v. State, 250 Ala. 672, 35 So.2d 693, this court held that the best evidence rule does not apply to confessions which are extrajudicial. It was pointed out that all that the accused wrote or said which is material to the charge is competent against him. Applying the principle to the present case the state could show either what the defendant voluntarily said when she was examined or it could show the writing which she voluntarily gave as containing a statement of the facts.

Now if the state undertook to follow the first alternative, the evidence fails to meet legal requirements. Batchelder did not testify as to what the defendant said. At best he identified a writing which might be regarded as a memorandum of what the defendant said and then the writing was introduced in evidence. This was incorrect. Parsons v. State, 251 Ala. 467, 38 So.2d 209, 217; Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; Birmingham Railway Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Deal et al. v. Hubert, 209 Ala. 18, 95 So. 349.

This brings us to the second alternative. Could the writing which was introduced be regarded as the written confession of the defendant? We do not think the evidence justified the introduction in evidence of the writing on this basis. Once the theory is adopted that the confession was in writing, then the best evidence rule sets in when it is a question of identifying the particular writing containing the confession. It is true that a written confession requires no signature by the defendant, but once it is shown that the written confession which she made was identified by her signature, then it should be shown why that writing was not introduced before another writing becomes admissible. No such showing was made in this case.

The judgment of the Court of Appeals is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.