329 So.2d 641

**Edwin Michel SPERLING, alias**

**v.**

**STATE.**

**I Div. 616.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

Rehearing Denied March 30, 1976.

W. Mark Anderson, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Ellis D. Hanan, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

A jury convicted defendant of murder in the second degree as charged in the indictment and fixed his punishment at life imprisonment. He was an indigent at the trial and here on this appeal. Different

appointed counsel represents him on this appeal.

It appears from the evidence that defendant, two others, and the deceased were all hoboes and had assembled at a "jungle" near a railroad track in Mobile, and were planning to catch a train, hobo style, for different destinations. While so assembled and while under the influence of wine, one of the foursome, Sprague Seaborn Baker, was robbed and killed by defendant according to the evidence. He was apprehended later in Jacksonville, and while under arrest, gave a lengthy statement to the officers. This statement was taken down by a court reporter and transcribed. It was produced at defendant's trial in Mobile.

As we read the record, the State offered and the court admitted the statement in evidence, but later ruled that the statement was limited in evidence and was not to go to the jury. So far as this record reveals, the jury never read the inculpatory statement nor learned what was in it.

We quote the court's ruling as follows:

. . . . . .

"THE COURT: Now, the Record will show that the transcript of the examination of the Defendant at the Defense attorney's insistence was made available to the Defense attorney, and has been admitted into evidence so that he might use it for such purposes as he wishes. This transcript does not go to the Jury. I merely put it into evidence so that you could use it in your Cross-Examination if you so desired. If there is anything you wanted to read from that transcript, you must —."

The record shows that the State put up Sergeant Miles, a deputy sheriff from Jacksonville, Florida. The State elicited from this witness some testimony that was independent of the defendant's written and signed statement as to what the defendant confessed after *Miranda* warnings. Defendant objected on the ground that the written statement was the best evidence. It was then that the State offered the statement in evidence. The counsel for the defendant stated that he wanted the statement read in full. The State replied that the jury could read the statement "when they go back there" It was sixty-three pages long. Then the court stated he would give defendant's counsel the opportunity to have the statement read at some point. The statement was again offered as evidence, and the court said, "All right." The statement was marked as State's exhibit 15.

The parties then proceeded with the examination of the witness as to what the defendant said and followed by the ruling of the court, supra, excluding the statement from the jury. The record does not indicate that defense counsel ever used the statement per the permission of the court, supra.

The effect of the ruling left the jury to determine the facts from the oral testimony of the witnessess, including defendant.

The Supreme Court of Alabama, in *Elkins v. State,* 250 Ala. 672, 35 So.2d 693(4).

"The case before us does not present a situation where the accused makes a statement in the preliminary hearing before the committing magistrate who is required by law to reduce the testimony to writing. Here we have an inculpatory admission which was extrajudicial, taken down in writing and signed by the accused. From our examination of the authorities while there is some diversity of opinion. (22 C.J.S. Criminal Law § 833, page 1457), the rule which we prefer to follow is well established, viz. that parol evidence of a confession or inculpatory statement taken down in writing extrajudicial is not secondary evidence. It could well be that the written evidence would be more convincing and accordingly of greater weight but that is not the determining factor. Both the written statement and the oral testimony of a

witness who heard the statement are classed as primary evidence. The rules governing the establishment of a contract have no application here. Where there is a contract there is a meeting of minds and the written words are presumed to embrace the final agreement to the exclusion of everything else. When a confession or inculpatory statement is made there is no meeting of minds. All that the accused voluntarily wrote or said which is material to the charge, is competent against him because it is his own admission and against his own interest. The witness testifies not as to what the writing contains, but as to what he heard the defendant say. The court was not in error in allowing parol evidence of the statement made by the accused. . . ."

Thus it appears that the oral testimony of the witness, Sergeant Miles, was admissible as primary evidence.

We might state here that appellant asserts that the trial court's restrictive use of defendant's written confession denied him the opportunity of getting before the jury some exculpatory statements in the written confession, thereby softening the impact of the confession as related by Officer Miles. Defendant contends that the restrictive ruling was prejudicial to him and was reversible error.

The ruling of the court left defendant free to use the written statement as a basis for challenging the testimony of the officer and to refresh his recollection as to exculpatory statements appearing in the writing.

We again note that *Elkins,* supra, holds that both the oral and written statements are primary evidence. Thus we observe that the written statement, primary evidence, was available to defendant on proper invocation to show the exculpatory statements of the defendant which the witness Miles omitted in his oral primary testimony. Just what use the defendant made of the writing is not clear, but suffice to state that under the law he had the opportunity of getting before the jury the exculpatory statements in the writing. There was no duty on the State to adduce these statements. The trial court in its ruling was excluding the written statement that was introduced by the State. This introduction might have had the effect of bolstering the oral testimony of Miles as to what took place; hence the court was protecting the defendant against a build-up of the same evidence. Nowhere does the record reveal any denial of defendant the use of the primary written evidence for relevant purposes. *Mullis v. State,* 258 Ala. 309, 62 So.2d 451.

We fail to see that defendant was prejudiced by the restrictive use of the statements introduced by the State.

Appellant's able and competent counsel does not assert any other error in the rulings of the court. So far as our search reveals, there was none.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

AFFIRMED.

All the Judges concur.