329 So.2d 616

Kenneth Aaron **FLEMING**

v.

**STATE.**

**4 Div. 407.**

Court of Criminal Appeals of Alabama.

March 30, 1976.

Myron H. Thompson, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant, an indigent minor here and below, was indicted for second degree burglary of Lindsey's Pawn and Loan Company, convicted by a jury on a plea of not guilty, and sentenced by the court to five years imprisonment.

The evidence, without contradiction, shows that the second degree burglary as charged in the indictment was committed and several guns and other property were taken by the burglar. Details of the offense are unnecessary.

## I

■ Defendant asserts that although he was given warning rights as required in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 604, the inculpatory statements elicited from him were not voluntary.

The record shows that the police officer who interrogated defendant not only informed defendant in detail of his *Miranda* rights, but the officer also testified that there was no force, coercion, threats, etc., used or employed by him or anyone in his presence to get the defendant to make a statement, and according to the police officer, the inculpatory statements were voluntary.

But according to the defendant, there was force and threats used, and his statements were not voluntary. The issue of voluntariness arose out of this conflict of testimony. We are unwilling to disturb the court's finding.

## II

■ Appellant contends that he did not voluntarily sign a waiver of his rights. The trial court heard the evidence with respect to this waiver. We see or know of no reason for this Court to disturb the judgment of the court.

## III

■ It appears from the evidence that the officers caused the confession of defendant to be taped. The recording tape was subsequently erased for use again. The recording was typed by a competent secretary.

The Supreme Court of Alabama held in *Elkins v. State*, 250 Ala. 672, 35 So.2d 693, that both written statement and the oral testimony of a witness who heard the statement are classed as primary evidence; that the rules governing the establishment of a contract had no application in *Elkins* wherein the appellant (Elkins) made an inculpatory statement with respect to his guilt of murder.

It is unfortunate that the recording on the tape was erased and not available for the defendant's consideration or use. The defendant testified as to what occurred. His version was not accepted as true. We do not think the unavailability of the recording due to the improvident erasure would preclude the admission of the oral testimony of the witness as to the defendant's inculpatory statement. It is speculative as to what the recording would show.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

AFFIRMED.

All the Judges concur.