Richard Lee Ashford was indicted by the Morgan County grand jury during its August 1981 term for the murder of Frank Shackelford in violation of § 13A-6-2, Code of Alabama 1975. He was subsequently convicted and was sentenced to a term of imprisonment of 25 years.
The record tends to indicate that on July 11, 1981, the appellant Ashford was driving east on Alabama Highway 20 towards Decatur and that his girlfriend, Glenda Puryear, and their one-year-old child were passengers in the car. Appellant stopped at a gas station and as he was pulling out to leave he was passed on the highway by the deceased, Frank Shackelford, his brother Coynis Shackelford, and Neely Gray. Shortly thereafter, he encountered this trio stopped by the road. As the appellant passed them they took up pursuit. At the first red traffic light, Ashford stopped and the Shackelford brothers bumped the back of his car several times with their motorcycles. Appellant at this time removed his pistol from his glove compartment. When the light turned green he proceeded on and in an effort to lose his pursuers, he ran the next light. Neely Gray apparently stopped for the light but the Shackelford brothers continued pursuit. The appellant was unable to run the next red traffic light because of traffic. Frank Shackelford pulled up on the driver's side and Coynis Shackelford pulled up on the passenger side of appellant's car. Frank Shackelford then pulled the driver's door open and appellant attempted to hold it closed. As they were wrestling with the door Ashford pulled his pistol out and fatally shot Frank Shackelford in the chest. Ashford then drove away and stopped the first police car he came upon, related what had happened to Officer LeCroix, and surrendered his pistol.
 I
As his first issue the appellant contends that the trial court committed reversible *Page 719 
error by denying him an opportunity to testify that third persons had made extrajudicial statements advising him that the deceased and his brother had threatened to harm him.
The record reveals that approximately one month before the fatal encounter in question, the appellant and Coynis Shackelford had engaged in a fight, during which the appellant took a .25 caliber automatic pistol away from Coynis Shackelford. During testimony taken at the hearing on appellant's motion for a new trial, it was established that Kenneth Orr and Willie Orr had warned appellant after this initial fight that they had spoken to the Shackelford brothers, that the Shackelfords were armed, and that they were looking for him. It was also established that other persons had warned appellant that the Shackelfords were looking for him.
At trial, defense counsel asked appellant the following:
 "Q: Let me ask you this, Richard: Before that date had any person told you within the last three or four weeks before this happened that Coynis Shackelford or Frank Shackelford had made any statements about getting you or threats against you or were going to hurt you or anything like that?
"MR. GREENE: Objection.
"THE COURT: Sustained.
". . .
 "Q: Now, from the month when you had that fight and took the gun off of him until the day of the shooting, did anybody communicate to you threats from Coynis or Frank Shackelford?
"MR. GREENE: Objection, objection.
"THE COURT: Sustained."
The appellant therefore was prevented from testifying that threats of the Shackelfords had been related to him.
When there is a tendency of the evidence to show that the defendant was without fault in bringing on the fatal encounter, that he was in imminent peril, or that he could not avoid the difficulty or retreat without increasing his peril, the defendant can prove the bad character of the deceased for turbulence, threats by him toward the defendant, and prior difficulties with him. Farley v. State, 279 Ala. 98,182 So.2d 364 (1966); Carter v. State, 356 So.2d 682 (Ala.Cr.App.), cert. denied, 356 So.2d 689 (Ala. 1978); Bankston v. State,358 So.2d 1040 (Ala.Cr.App. 1978); Thompson v. State, 405 So.2d 717
(Ala.Cr.App.), cert. denied, 405 So.2d 721 (Ala. 1981). Furthermore, proof of such threats do not run afoul of the hearsay rule because "the rule does not exclude extrajudicial utterances offered merely to prove the fact of the making or delivery thereof, or to explain subsequent conduct of a hearer." 22A C.J.S. Criminal Law § 718 (1961). The object of the proffered evidence was not to prove the truth of the threats, but rather that the threats had been made and had been conveyed to the accused.
In the instant case the appellant attempted to elude his pursuers and was successful until he came to an intersection where there was too much traffic to cross against the light. It appears therefore that he tried to avoid the difficulty until he could retreat no further without placing himself and persons under his protection in peril. From threats which had been communicated to him, the appellant certainly could believe that he was in imminent peril when Frank Shackelford forced open his car door. The evidence in this case certainly presents more than a "tendency" to show that the appellant may have acted in self defense.
Accordingly under the above cited authorities we must hold that the trial court erred in refusing to allow the appellant to testify as to threats made by the deceased against appellant which were related to him by third persons. Such testimony would be material and relevant in establishing why the appellant thought it *Page 720 
was necessary to shoot the deceased in order to save his own life.
 II
The appellant next contends that the trial court erred in refusing to allow him to elicit on cross-examination of Officer LeCroix the entirety of statements made to him by appellant when appellant flagged him down immediately after the shooting.
In King v. State, 355 So.2d 1148 (Ala.Cr.App. 1978), this court stated:
 "If a part of a conversation is adduced in evidence by the state as proving the defendant's declarations or confessions of guilt, the defendant has the right to call for the whole of what was said in that conversation relative to the subject matter of the issue. Chambers v. State, 26 Ala. 59 (1855); William v. State, 39 Ala. 532 (1865); Mullis v. State, 258 Ala. 309, 62 So.2d 451
(1953). The accused is entitled, in cross examination, to bring out all that he said, at the same time and on the same subject. Parke v. State, 48 Ala. 266 (1872).
 "However, the rule which frowns upon incomplete confessions is designed to cover cases where an accused, after admitting commission of the criminal act, is prevented from going further and saying anything which might explain or justify his act. William, supra; United States v. Wenzel, 311 F.2d 164 (4th Cir. 1962); see generally 29 Am.Jur.2d 586, Evidence, § 535."
See also 31A C.J.S. Evidence § 375 (b) (1964).
We hold that the trial court erred in refusing to allow the appellant to elicit from Officer LeCroix the entirety of the conversation between Officer LeCroix and the appellant, after the state had been allowed to place in evidence declarations helping to establish the elements of the state's prima facie case.
For the reasons set forth above, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.