The appellant, Sampson Lewis, was convicted of kidnapping in the first degree and of rape in the first degree, violations of § 13A-6-43 and § 13A-6-61, Code of Alabama 1975. He was sentenced to 20 years' imprisonment on each count, the sentences to run concurrently.
The state's evidence tended to show that the victim, whom we shall refer to only as Ophelia, was taken by force from the Cleveland Avenue Bar Grill in Montgomery and raped by the appellant. She testified that the appellant approached her in the bar and offered her $40.00, stating "he wanted a lady." Ophelia attempted to ignore the appellant's suggestion. Appellant then ordered her a drink and forced her to drink it. He also showed Ophelia the gun he was carrying and told her "[Y]ou'd better do what I tell you." Ophelia, fearing for her life, left the bar with the appellant. Appellant shoved Ophelia into his car and drove to a rooming house. Ophelia was led to his room, where she was raped. After the appellant got out of bed, Ophelia ran out of the room, past the front desk, to the street.
 I
Appellant first argues that the trial court erred in not allowing his defense counsel to question several witnesses about the reputation of the victim. Initially, appellant argues that it was error not to allow defense counsel to impeach Ophelia concerning her reputation, which he says was that of a prostitute. Appellant further argues that he should have been allowed to question her, since the state on direct asked the following question:
 "Q: Ophelia . . . have you ever tried to make any kind of living by prostitution?
"A: No, I haven't."
As Judge Bowen stated in Wooten v. State, 361 So.2d 1192,1195 (Ala.Cr.App. 1978):
 "[E]vidence that the prosecutrix was a woman of chaste or unchaste character is perfectly competent evidence as bearing on the probability or improbability of her consent to the alleged act of intercourse with the accused. Griffin v. State, 155 Ala. 88, 46 So. 481 (1908). Though this rule is now limited by Section 12-21-203, Code of Alabama 1975, restricting evidence relating to the past sexual behavior of the complaining witness to that directly involving the participation of the accused, the jury has the right to consider any proper evidence on this subject, its weight and effect being solely within their determination."
Section 12-21-203, Code of Alabama 1975, states:
 "(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this section.
 "(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such *Page 622 
past sexual behavior directly involved the participation of the accused."
Appellant also argues that the trial court erred in not allowing defense counsel to cross-examine a Mr. Simmons, who lived near the bar, as to Ophelia's reputation as a prostitute. The trial judge allowed defense counsel to conduct a voir dire examination of the witness. During voir dire, Mr. Simmons stated that he did not know of any prior sexual relations between Ophelia and the appellant.
Defense counsel presented no evidence of any past sexual relations between the appellant and the victim. Any evidence of past sexual relations between the victim and any third persons "is immaterial and irrelevant." McGilberry v. State,516 So.2d 907, 914 (Ala.Cr.App. 1987).
The trial judge committed no error in this regard.
Appellant also argues that the trial court erred in not allowing his attorney to question the owner of the bar, Mr. Howard, about whether Ophelia was known to be a prostitute. An objection was sustained to a question concerning her intimate relationships with third persons. As stated above, only past sexual relations with the appellant, and not third persons, is relevant. See, McGilberry, supra.
The trial court correctly disallowed any questions dealing with this issue.
 II
Appellant further argues that the trial court erred in allowing two witnesses to testify as to statements made to them by Ophelia. These statements were correctly received into evidence. The statements in effect were that Ophelia had been raped. The two witnesses were in the cab which Ophelia entered moments after being raped.
This court stated in Smelcher v. State, 385 So.2d 653, 659
(Ala.Cr.App. 1980), that "[c]omplaints . . . may be testified to either by the victim or by other third-party witnesses." However, such testimony by third parties is limited. "Details and particulars of that complaint cannot ordinarily be introduced." Harris v. State, 394 So.2d 96, 98 (Ala.Cr.App. 1981). The record reflects that the statements in the present case were very brief and dealt with no detail.
Further, the statements would be admissible as spontaneous exclamations, and as such would be exceptions to the hearsay rule. See Harris, supra.
 III
Appellant next asserts that the trial court erred in not receiving certain portions of a statement made by appellant to police after a portion of the statement had been introduced by the state. The testimony of Officer Demus revealed that the appellant made a statement to Officers Demus and Dotson about 12 hours after Ophelia was raped. Officer Demus testified that the appellant told him that he had been in Atlanta and did not return to Montgomery until 3:00 a.m. The rape occurred around 1:00 a.m. or 2:00 a.m. On cross-examination, Demus stated that the file showed that the appellant later changed his statement to say that he was in Montgomery at the time of the rape:
 "Q: (By Mr. Howell) Does your case file reflect a further statement to your partner?
 "A: Yes, I think it does. It reflects that he then thereafter changed his story to say that he was in Montgomery at the time of this rape."
When Officer Dotson testified, defense counsel attempted to introduce the rest of the statement, which had been partially introduced. The trial court refused to receive the remainder of the conversation into evidence.
The Alabama appellate courts have dealt with this issue on many occasions and has repeatedly held that when a portion of a witness's statement is received into evidence, the opposing party has the right to have the entire statement admitted into evidence.
The case of Logan v. State, 291 Ala. 497, 282 So.2d 898
(1973), presented a similar issue to our Supreme Court. The defendant in Logan was convicted of rape. *Page 623 
However, in Logan the trial judge had allowed the entire statement to be received into evidence. The Supreme Court, affirming the judgment of the lower court, stated that "when part of a conversation or transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal." Id. at 502, 282 So.2d 898. See also, St. John v. State, 523 So.2d 521
(Ala.Cr.App. 1987); Ex parte Tucker, 474 So.2d 134 (Ala. 1985);Ashford v. State, 472 So.2d 717 (Ala.Cr.App. 1985); Sales v.State, 446 So.2d 703 (Ala.Cr.App. 1983); Ex parte Bayne,375 So.2d 1239 (Ala. 1979); Sperling v. State, 57 Ala. App. 583,329 So.2d 641 (1976). Often referred to as the "rule of completeness," this rule attempts to alleviate the inferences that may be drawn when a factfinder is allowed to view or hear only segments or pieces of evidence. See St. John, supra; Exparte Tucker, supra; 7 Wigmore, Evidence §§ 2094-2125 (3d ed. 1940). For a thorough discussion and list of cases, see 22A C.J.S. Criminal Law § 660 (1968).
The ruling by the trial court resulted in prejudice to the appellant. Because of these rulings by our highest court in similar cases, we have no choice but to reverse and remand this case for a new trial or other proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.